LIVELY *v.* STANDARD OIL CO. OF LOUISIANA *et al.*

(*Nashville*, December Term, 1943.)

Opinion filed July 1, 1944.

Rehearing Denied October 14, 1944.

WARDEN & WARDEN, of Manchester, for complainant-appellee.

ARMISTEAD, WALLER, DAVIS & LANSDEN, of Nashville, for defendants-appellants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The bill in this cause was filed by the complainant, J. S. Lively, against the defendants, Standard Oil Company of Louisiana, V. D. England, Marvin Bobo, and Paul Huffman.

Answers and cross-bills were filed by the Standard Oil Company and England, and answers were filed by the other defendants.

A temporary injunction was granted on complainant's bill of complaint. The chancellor overruled a motion to dissolve the injunction for want of equity, and on the hearing of the cause, which was heard on a stipulation, entered a decree in favor of complainant, making the injunction permanent, and dismissed the cross-bills. Defendants have appealed to this Court.

The facts are undisputed and merely raise a question of law as to who is entitled to the ten-foot easement in question.

In 1929, E. B. Blackman and wife conveyed to defendant Standard Oil Company property on East Lincoln Street in Tullahoma, and reserved a right of way to go from East Lincoln Street to property retained by grantors in the rear of the property conveyed. The reservation in the deed is as follows:

"The grantors herein expressly reserve for themselves, their heirs, assigns, servants and employees, a *perpetual* easement or right of way over the west or southwest portion of said lot, said right of way being 10 feet in width and with the west or southwest line of same being the west or southwest line of the property hereinabove conveyed." (Italics ours.)

The bill contains a map, marked exhibit "E," which clearly shows the position of the easement and the adjoining property.

Later, Blackman and wife sold the rear or south lot to Booth Staley without mentioning the easement or right of way. Staley thereafter conveyed the rear or south lot to the defendant England and mentioned this right of way but did not undertake to convey it. In 1941, Blackman and wife executed an instrument purporting to convey this easement and right of way to H. L. Noblitt, who owned property adjoining the property which had previously been owned by Blackman and wife. Noblitt then leased the front portion of his property to L. A. Ellis, who in turn leased it to the complainant Lively. Later, Noblitt and Ellis assigned to the complainant Lively the easement and right of way so that he could use it as a means of going from his leased premises to a building in the rear of these premises which Lively had leased from a third person.

It is insisted by the defendants (appellants here) that they are the owners of said right of way. Defendants contend that the easement in question is an appurtenant one and is not an easement in gross, and that being an appurtenant easement, Blackman and wife lost all interest in it when they conveyed the rear or south lot to Staley.

In *Goetz* v. *Power & Light Co.*, 154 Tenn., 545, 561, 562, 290 S. W., 409, 414, the Court quoted the following statement from Jones on Easements, sec. 47:

" 'An easement is never presumed to be in gross when it can fairly be construed to be appurtenant to some estate. If it be in its nature an appropriate and useful adjunct of the land conveyed, having in view the intention of the grantee as to its use, and there being nothing to show that the parties intended it to be a mere personal right, it would be held to be an easement appurtenant to the land, and not an easement in gross, the rule for the

construction of such grants being more favorable to the former than to the latter class.' "

In 9 R. C. L., 741, it is said:

". . . As a rule of construction courts favor the appurtenant easements, and if the right in controversy is in its nature an appropriate and useful adjunct to the land conveyed, having in view the intention of the grantee as to its use, there being nothing to show that the parties intended it to be a mere personal right, it should be held to be appurtenant and not in gross, the presumption therefore being in favor of the former where there is doubt as to the real nature of the grant. And so an easement is never construed to be in gross when it can fairly be construed to be appurtenant."

However, in the instant cause, we are of opinion that the easement is in gross because of the express reservation in the deed above referred to from Blackman and wife to the defendant Standard Oil Company. Blackman made this express reservation in positive and unequivocal language in the deed. Furthermore, by a reference to the map, it appears that at the time Blackman and wife sold to Staley the latter's property was connected to an alley on the east, thereby furnishing to Staley an outlet on East Lincoln Street, and Staley would not have had any particular use for the ten-foot easement. The right of way is not a way of necessity, and if it had been conveyed at all it would have had to go as an appurtenance to the property conveyed. As before stated, we think the language of the reservation in the Blackman deed is clear.

The decree of the chancellor is affirmed.